```
RECEIPT #_____
AMOUNT $     150
SUMMONS ISSUED   y.l.
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _____
DATE      12-19
```

UNITED STATES DISTRICT COURT
FIRST DISTRICT OF MASSACHUSETTS

2003 DEC 19 P 1:56

U.S. DISTRICT COURT
DISTRICT OF MASS.

DESIREE M. ALLAIRE
    Plaintiff

vs.                                              Docket No.

JODAN KALEMRA, alias, a/k/a JODAN KALEMBA
RYDER TRUCK RENTAL, LT., RTRT, INC. in its
capacity as trustee for the Ryder Truck Rental, Lt.
RYDER TRUCK RENTAL, INC.,
IRON MOUNTAIN OFF-SITE DATA, INC. f/k/a
ARCUS DATA SECURITY, INC.,
JOHN DOES 1-5
    Defendants

**03 — 12566 RWZ**

MAGISTRATE JUDGE _____

## COMPLAINT

This is a claim for damages as a result of an automobile accident caused by the defendants that occurred on or about December 24, 2000 in the City of Nashua, State of New Hampshire.

### Jurisdiction

This is an action brought pursuant to 28 U.S.C. § 1332, diversity of citizenship jurisdiction, in that Plaintiff is domiciled in the State of Rhode Island, the individual defendant is a resident of the Commonwealth of Massachusetts and the corporate defendants are organized and existing under the laws of Massachusetts, Florida and Delaware and the matter in controversy exceeds $75,000 exclusive of interest and costs. Every issue of law and fact in this action is between citizens of different states.

## Parties

1.  Plaintiff Desiree M. Allaire ("Allaire") is a resident of the Town of South Kingston, County of Washington, State of Rhode Island.

2.  Defendant Jodan Kalemra, alias, a/k/a Jodan Kalemba ("Kalemra") is a resident of the Commonwealth of Massachusetts, currently residing at 248 Calvary Street, Waltham, Massachusetts.

3.  Defendant, Ryder Truck Rental, LT ("Ryder LT") is a Delaware Trust, doing business as a Foreign Trust of Massachusetts and authorized to do business in the Commonwealth of Massachusetts with a business address of 101 Federal Street, Boston, Massachusetts.

4.  Upon information and belief, RTRT, Inc. is a Delaware corporation authorized to do business in the Commonwealth of Massachusetts serving in its capacity as Trustee of Defendant Ryder LT.

5.  Defendant, Ryder Truck Rental, Inc. ("Ryder") is a corporation organized and formed under the laws of the State of Florida and authorized to do business in the Commonwealth of Massachusetts with a business address of 220 Tapley Street, Springfield, Massachusetts 01104. Upon information and belief, Ryder and Ryder LT are members of a joint business enterprise in the operation of the leasing of motor vehicles to the public at large.

6.  Defendant, Iron Mountain Off-Site Data Protection Inc. ("Iron Mountain") formerly known as Arcus Data Security, Inc. ("Arcus") is a Delaware Corporation authorized to do business in the Commonwealth of Massachusetts with a business address of 745 Atlantic Avenue, Boston, Massachusetts 02111.

7. Defendant John Does one (1) through five (5) are potential liable parties for the accident that occurred on December 24, 2000 whose names and identities are currently unknown to plaintiff.

## Facts

8. On or about December 24, 2000 at approximately 3:30 p.m., Plaintiff Allaire was a passenger in a motor vehicle operated by Scott Peters on a public highway in Nashua, New Hampshire.

9. On the same date and time, Defendant Kalemra was operating a motor vehicle in a southerly direction in the second lane of the same public highway in Nashua, New Hampshire. Upon information and belief, the motor vehicle operated by Defendant Kalemra is owned by Defendant Ryder LT.

10. Defendant Kalemra was operating the vehicle in the course of his employment and/or business relationship with, and for the benefit of, Defendant Arcus at the time of the accident.

11. Defendant Kalemra, at the same time and place, operated said van so negligently, carelessly and recklessly that he lost control of the vehicle, causing it to collide with the vehicle occupied by Plaintiff, causing Plaintiff Allarie to suffer severe and permanent injuries as set forth herein.

12. Defendant Kalemra operated the van with the consent and permission of the owner, Defendant Ryder LT, who is legally responsible and liable for the negligence of Defendant Kalemra, an authorized and approved operator of the subject motor vehicle.

## COUNT I
## (Negligence)

13. The Plaintiff reincorporates paragraphs 1 through 12 of her complaint as if fully set forth herein.

14. At the same time and place, the van owned by Defendant Ryder LT and operated by Defendant Kalemra was so negligently, carelessly and recklessly driven and operated that it struck the automobile occupied by Plaintiff Allaire causing severe and permanent injuries as hereinafter alleged to Plaintiff Allaire.

15. The accident and resulting damages and injuries to Plaintiff Allaire were caused by the negligence of the Defendants without any negligence on the part of Plaintiff Allaire, who was in the exercise of due care at the time of the accident.

16. As a direct and proximate result of the collision, Plaintiff Allaire was seriously and permanently injured, sustaining severe personal injuries, pain and suffering, medical expenses, lost wages, and will continue to suffer great pain of the body and mind and incur further medical expenses. Her ability to engage in her usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, Plaintiff respectfully requests that judgment enter in her favor against all Defendants, jointly and severally for a sum sufficient to meet the jurisdictional requirements of this court, plus interest, costs, attorneys' fees and such other relief as this court deems just and proper.

## COUNT II
## (Negligent Hiring and Supervision)

17. The Plaintiff reincorporates paragraphs 1 through 16 of her complaint as if fully set forth herein.

18. By information and belief, Defendant Kalemra was unqualified to operate the subject van and untrained and unprepared to encounter emergency conditions on the highway.

19. Defendant Arcus hired Defendant Kalemra to operate the van notwithstanding Defendant Kalemra's unfitness or lack of training for the position, of which Arcus knew or should have known.

20. As a result of the negligence, carelessness and recklessness of Arcus in the hiring, training, retention and supervision of Defendant Kalemra, Plaintiff Allaire was seriously and permanently injured, sustaining severe personal injuries, hospitalization, pain and suffering, medical expenses and lost wages, and will continue to suffer great pain of the body and mind. Her ability to engage in her usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, Plaintiff respectfully requests that judgment enter in her favor against all Defendants, jointly and severally for a sum sufficient to meet the jurisdictional requirements of this court, plus interest, costs, attorneys' fees and such other relief as this court deems just and proper.

## COUNT III
### (Negligent Maintenance)

21. The Plaintiff reincorporates paragraphs 1 through 20 of her complaint as if fully set forth herein.

22. Defendant Kalemra lost control of his vehicle after his tire tread separated from the tire.

23. The tire on the vehicle being operated by Defendant Kalemra was a reconditioned tire, commonly known as a "re-tread". The tire was placed or caused to be placed on the vehicle

by Defendant Arcus, Defendant Ryder LT and/or Defendant Ryder with full knowledge of its condition.

24. Defendants Arcus, Ryder LT and Ryder had a duty to inspect and maintain the vehicle, and keep it in good repair, in a manner that it is safe for highway travel.

25. Defendants Arcus, Ryder LT and Ryder knew or should have known, through regular inspection and maintenance, that the tire was unfit for use, that it was subject to failure, and that it presented a danger to the public.

26. Defendants Arcus, Ryder LT and Ryder failed to inspect and maintain the vehicle so that it was in a condition that was safe for highway travel. This omission on their part constitutes negligence by the defendants.

27. As a result of the negligence, carelessness and recklessness of Defendants Arcus, Ryder LT and Ryder in the inspection, maintenance and repair of the subject van, Plaintiff Allaire was seriously and permanently injured, sustaining severe personal injuries, hospitalization, pain and suffering, medical expenses and lost wages, and will continue to suffer great pain of the body and mind. Her ability to engage in her usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, Plaintiff respectfully requests that judgment enter in her favor against all Defendants, jointly and severally for a sum sufficient to meet the jurisdictional requirements of this court, plus interest, costs, attorneys' fees and such other relief as this court deems just and proper.

## COUNT IV
### (Negligence-Respondeat Superior)

28. The Plaintiff reincorporates paragraphs 1 through 27 of her complaint as if fully set forth herein.

29. At the time Defendant Kalemra was operating the Ryder LT motor vehicle as described above, he was acting at the direction of Defendant Arcus and within the scope of his authority and in furtherance of his employment or agency relationship with this defendant.

30. The negligence of Defendant Kalemra is therefore imputed to Defendant Arcus under the basic principles of respondeat superior.

31. The accident and resulting damages and injuries to Plaintiff Allaire were caused by the negligence of the Defendants and without any negligence on the part of Plaintiff Allaire, who was in the exercise of due care at the time of the accident.

32. As a direct and proximate result of the collision, Plaintiff Allaire was seriously and permanently injured, sustaining severe personal injuries, pain and suffering, medical expenses, lost wages, and will continue to suffer great pain of the body and mind and incur further medical expenses. Her ability to engage in her usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, Plaintiff respectfully requests that judgment enter in her favor against all Defendants, jointly and severally for a sum sufficient to meet the jurisdictional requirements of this court, plus interest, costs, attorneys' fees and such other relief as this court deems just and proper.

## COUNT V
### (Negligence-Respondeat Superior)

33. The Plaintiff reincorporates paragraphs 1 through 32 of her complaint as if fully set forth herein.

34. At the time Defendant Kalemra was operating the Ryder LT motor vehicle as described above, Ryder and Ryder LT were engaged in a joint business enterprise for the purpose of leasing motor vehicles to the public at large.

35. The negligence of Defendant Ryder LT is therefore imputed to Defendant Ryder and, vice versa, under the basic principles of respondeat superior.

36. The accident and resulting damages and injuries to Plaintiff Allaire were caused by the negligence of the Defendants and without any negligence on the part of Plaintiff Allaire, who was in the exercise of due care at the time of the accident.

37. As a direct and proximate result of the collision, Plaintiff Allaire was seriously and permanently injured, sustaining severe personal injuries, pain and suffering, medical expenses, lost wages, and will continue to suffer great pain of the body and mind and incur further medical expenses. Her ability to engage in her usual activities and to enjoy life has been permanently and adversely affected.

WHEREFORE, Plaintiff respectfully requests that judgment enter in her favor against all Defendants, jointly and severally for a sum sufficient to meet the jurisdictional requirements of this court, plus interest, costs, attorneys' fees and such other relief as this court deems just and proper.

**The plaintiff hereby demands a trial by jury and designates Scott DeMello as trial counsel.**

                      Plaintiff, Desiree M. Allaire
                      By her attorney,

                      */s/ Scott DeMello*
                      Scott DeMello, BBO#566981
                      **DEMELLO & CLARK**
                      109 Oak Street
                      Newton, MA  02464
                      (617) 630-8191

Dated: December 19, 2003